1
2
3
4
5        **UNITED STATES DISTRICT COURT**
6        **DISTRICT OF NEVADA**
7    GRACE ALBANESE,                        )    Case No. 2:17-cv-01663-JCM-NJK
                                            )
8                      Plaintiff(s),        )    ORDER
                                            )
9    vs.                                    )
                                            )
10   HOMELAND SECURITY,                     )
                                            )
11                     Defendant(s).        )
                                            )
12   ─────────────────────────────────────
13          Plaintiff Grace Albanese, proceeding in this action *pro se*, has requested authority pursuant
14   to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a complaint on June 14, 2017.
15   Docket Nos. 1, 1-1.
16   **I.    *In Forma Pauperis* Application**
17          Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees
18   and costs or give security for them.  Accordingly, Plaintiff's request to proceed *in forma pauperis*
19   will be granted pursuant to 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's Complaint.
20   **II.    Screening the Complaint**
21          Upon granting a request to proceed *in forma pauperis*, the Court additionally screens the
22   complaint pursuant to § 1915.  Federal courts are given the authority to dismiss a case if the action
23   is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When
25   the Court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
26   complaint with directions as to curing its deficiencies, unless it is clear from the face of the
27   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d
28   1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6)[1] is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this instance, Plaintiff has submitted a one-page complaint alleging that she is being stalked and that "Homeland Security" refuses to get involved. *See* Docket No. 1-1 at 2. Plaintiff vaguely refers to "obstruction of justice," due process, equal protection, and 42 U.S.C. § 1983, without explaining how § 1983 applies to this action, or how any constitutional provisions have allegedly been violated. *Id.* at 1-2. Further, she fails to set forth in sufficient detail the facts underlying this action. *Id.* at 2. Thus, Plaintiff's complaint fails to satisfy Rule 8's basic requirements and therefore fails to state a claim upon which relief can be granted.

---

[1] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1.    Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3.    The Clerk of the Court shall file the Complaint.

4.    The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **July 20, 2017**, to file an Amended Complaint, if she believes she can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: June 22, 2017.

NANCY J. KOPPE
United States Magistrate Judge